[Civ. No. 690. Fourth Appellate District.—July 6, 1933.]

JESSIE LEE TOLER, Appellant, v. S. M. SMITH et al., Respondents.

C. A. Stice for Appellant.

Head, Wellington & Jacobs for Respondents.

ANDREWS, J., *pro tem.*—This is an appeal from a judgment entered upon a demurrer to plaintiff's second amended complaint without leave to amend.

1. This action was brought for the purpose of canceling a certificate of title issued under the Land Title Act on lands of defendant on the twenty-third day of May, 1917, and the action which was first filed to call in question the validity of this certificate on the part of plaintiff was on the seventeenth day of July, 1930.

Either the three-year statute of limitation or that provision of the Land Title Act which makes the certificates of registration final, unless attacked within one year after the registration of the land, would prevent the bringing or maintaining of this action, unless it is shown in the complaint that there is a legal justification for the delay of thirteen years which is the outstanding feature of this complaint. The complaint does undertake to show that the service on plaintiff in the land registration proceedings of a copy of the notice issued in such proceedings was made by a son of defendants, who undertook to assure plaintiff that the proceedings would not affect the title to her land. The complaint also alleges that after the granting of the certificate the plaintiff for about ten years continued to use the land covered by the certificate adjoining the boundary line of plaintiff's land as a turning row, as did also the defendants. The complaint further alleges that the plaintiff cultivated the strip of land in dispute yearly and continuously during the time from the issuing of the certificate until about March 1, 1927; that during that time plaintiff was unaware of the existence of the record of the proceedings out of which the certificate was issued; and that plaintiff did not understand the significance of the notice served upon her in said land registration proceedings. The plaintiff also claims in her complaint that as she was known to be in possession and to be a claimant to the lands in dispute, such facts should have been set forth in the petition; that under the Land Title Act she should have been served with a copy of the petition as well as a copy of the notice issued in the proceedings and that failure to do so was a fraud upon the court and the plaintiff which invalidated the proceedings. In the petition she was in fact

alleged to be an adjoining owner and was served with the notice issued in the proceedings. In the steps taken under this act the petition roughly corresponds to the complaint in a civil action and the notice to the summons in such actions.

 The act requires that the petition must contain a statement of whether the land described therein is occupied, the name and address of the occupants, the interest each has or claims in the land, any other person who claims an interest, the name and address of such person, and the names and addresses of owners of adjoining lands. The law provides that the notice must contain the name of the court, names of applicants, description of lands involved and notice that the parties served must answer or that a decree will be granted and that persons served will be forever barred from all interest in the property. Plaintiff having been served with notice on the theory of being an adjoining owner, that service was fraught with legal significance and required plaintiff to take notice of its source and its purpose.

The statement of the person serving the notice that it would not affect plaintiff's rights affords no legal justification for ignoring and failing to act upon the information furnished by the notice itself. That notice contained all the information which the petition would have disclosed had it also been served, and plaintiff could only ignore the service of this notice at her peril. Pursuing the knowledge which the notice imparted, as it was the duty of plaintiff to do, would have led to an examination of all the records of that proceeding, including the petition, and plaintiff must therefore be charged with the knowledge which her investigations would have disclosed and that discovery she was required to make promptly. The use of the land subsequent to the issuance of the certificate would in no way bear upon the jurisdiction of the court or affect the validity of the judgment and certificate. Plaintiff cannot be permitted to defeat a judgment upon the ground that she did not understand the legal effect of the notice served upon her, as to permit such a questioning of the binding force of legal proceedings, where the notices required by law have been given, would make every judgment uncertain and unsettled. The delay shown upon the face of the com-

plaint constitutes a bar to this action and justifies the sustaining of the demurrer without leave to amend.

The judgment of the trial court is sustained.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1933.